FRANK S. HEDIN (SBN 291289)
**HEDIN LLP**
535 Mission Street, 14th Floor
San Francisco, CA 94105
Telephone: (305) 357-2107
Facsimile:  (305) 200-8801
E-Mail:     fhedin@hedinllp.com

JULIAN HAMMOND (SBN 268489)
**HAMMONDLAW, P.C.**
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
Telephone: (310) 601-6766
Facsimile:  (310) 295-2385
E-Mail:     jhammond@hammondlawpc.com

*Counsel for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ARCHER; and TODD COHN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC and UNIVERSAL PICTURES HOME ENTERTAINMENT LLC d/b/a GRUV.COM,<br><br>Defendants. | Case No. 2:24-cv-10744-AB-JC<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Conference: April 18, 2025** |

Pursuant to the Court's March 6, 2025 Order, (ECF No. 27), Federal Rules of Civil Procedure 16 and 26, Local Rule 26, and the Court's Standing Order in Civil Cases, Plaintiffs Michael Archer and Todd Cohn and Defendants NBCUniversal Media, LLC and Universal Pictures Home Entertainment LLC jointly submit this Rule 26(f) report and discovery plan.

**A. Statement of the Case**

Plaintiffs' Statement: Plaintiffs Michael Archer and Todd Cohn, individually and on behalf of others similarly situated, allege in the Complaint that Defendants NBCUniversal Media, LLC and Universal Pictures Home Entertainment LLC regularly, knowingly, and intentionally disclosed identifying information about their customers along with information about the "specific titles of the prerecorded videos" those customers requested or obtained, to Meta via programming code known as the Meta Pixel. *See* ECF No. 19 ("FAC"), ¶¶ 1-3, 65. Specifically, when Plaintiffs and other consumers requested or obtained videos from gruv.com, an e-commerce website that sells pre-recorded video materials, by adding items to their virtual cart, Defendants sent their personally identifiable information ("PII") to Meta Platforms, Inc. ("Meta") in violation of the VPPA. *Id.* ¶¶ 1-3. Plaintiffs seek to represent a nationwide class defined as all natural persons in the United States who, during the two years preceding the filing of this action and while maintaining an account with Meta Platforms, Inc. f/k/a Facebook, Inc., purchased prerecorded video material or services from Defendants' websites (including gruv.com). *See id.*, ¶ 72. Because neither of the Plaintiffs nor any of Defendants' other customers provided informed consent prior to Defendants' disclosures of their information to Meta, this case is ideal for class certification. *Id.*, ¶¶ 5, 27, 45, 70–71, 86, 89. Plaintiffs further seeks to stop Defendant's unlawful practice, and recover $2,500 statutory damages, prejudgment interest on all amounts awarded, punitive damages, and reasonable attorneys' fees, and costs. *Id.*, ¶¶ 6, 90, Prayer for Relief.

Plaintiffs have filed a comprehensive response in opposition to Defendants' motion to dismiss, countering what Defendants believe are dispositive issues, which they are not. *See* ECF No. 31.

Defendants' Statement:

Universal Pictures Home Entertainment LLC owns www.gruv.com ("GRUV"), an ecommerce website that specializes in the sale of physical media like DVDs, Blu-rays, and 4K Ultra HD. Like most ecommerce sites, GRUV allows visitors to browse its online inventory. Mirroring the in-person shopping experience, GRUV visitors can add items to virtual shopping carts as they browse. To purchase any of the items in their cart, visitors must visit a checkout page to complete the purchase transaction. Visitors are never *required* to, and often do not, purchase any of the items in their virtual carts; they can remove any of those items at will or leave them in their cart in perpetuity.

Plaintiffs allege that when they visited the GRUV website and added items to their virtual carts, a piece of code called the "Meta Pixel" caused the disclosure of (1) the title of the video product they added to their cart, (2) the URL associated with that video product, and (3) their Facebook ID ("FID") to third party Meta. Plaintiffs do not allege that GRUV caused any disclosures related to their actual video purchases on the website or that Plaintiffs had previously rented, purchased, or subscribed to any GRUV video content before or when these disclosures occurred.

Plaintiffs claim that these "add to cart" disclosures violate the Video Privacy Protection Act, 18 U.S.C. § 2710 (the "VPPA"). But as explained in GRUV's pending Rule 12(b)(6) motion to dismiss, ECF No. 25, Plaintiffs' theory of liability is based on alleged disclosures that took place prior to and separate from any purchase transaction and, thus, do not implicate the VPPA as a matter of law. Indeed, even though the VPPA has been in place since 1988, there have been no cases—not a single one—that have proceeded on the novel theory Plaintiffs allege here, which has no basis in the VPPA's

statutory text. Moreover, Plaintiffs do not allege that GRUV knowingly disclosed Plaintiffs' identities to Meta, or that GRUV knowingly disclosed the PII of statutory "consumers."

### B. Subject Matter Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert a claim under the VPPA, which is a federal statute. The Court additionally has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this is a putative class action, the parties are minimally diverse, and the controversy exceeds the sum or value of $5,000,000.

### C. Legal Issues

Plaintiffs' Statement: The legal issues in this case are: (a) Whether Defendants used the Meta Pixel on their website at the time Plaintiffs allegedly requested or obtained prerecorded videos or services from Defendants' website; (b) Whether Defendants knowingly disclosed Plaintiffs' and putative Class members' personally identifiable information to Meta via the Meta Pixel on its website; (c) Whether Plaintiffs are consumers under the VPPA, 18 U.S.C. § 2710; (d) Whether an "add to cart" function constitutes a "request" under the VPPA; (e) Whether Defendants should be enjoined from disclosing Plaintiffs' and putative Class members' personally identifiable information to Meta; (g) Whether injunction should be issued against Defendants to stop their practices challenged by the Plaintiffs, and (h) Whether Plaintiffs and putative Class members are entitled to statutory damages for the aforementioned alleged violations.

Defendants' Statement: Defendants deny that they have violated the VPPA, and dispute that Plaintiffs have stated or can state a claim. The key legal issues in this case are:

(a) Whether information concerning a non-transactional act is "personally identifiable information" ("PII") under the VPPA;

(b) Whether an individual can state a claim under the VPPA when they are not a statutory "consumer" at the time of an alleged disclosure of PII;

(c) Whether GRUV knowingly disclosed any PII;

(d) Whether this matter can proceed as a class action under Rule 23.

**D. Parties, Evidence, Etc.[1]**

The parties, percipient witnesses, and key documents are as follows:

Parties: Plaintiff Michael Archer, Plaintiff Todd Cohn, Defendant NBCUniversal Media, LLC, and Defendant Universal Pictures Home Entertainment LLC.

Percipient Witnesses: representatives of Meta Platforms, Inc., Plaintiffs, and representatives of Defendants.

Key Documents: documents (1) revealing class size information, (2) addressing the Meta Pixel's installation and function on the GRUV website, (3) addressing Defendant's agreements with Meta relating to the Meta Pixel.

Defendant's Corporate Disclosure: Defendants NBCUniversal Media LLC and Universal Home Pictures Entertainment LLC are wholly-owned, indirect subsidiaries of Comcast Corporation, which is a publicly traded company. Comcast Corporation does not have a parent company, and no other publicly held company or corporation owns 10% or more of its stock or equity.

Universal Pictures Home Entertainment LLC is wholly owned by VUE NewCo LLC. VUE NewCo LLC is owned 1% by Universal Studios Company LLC and 99% by USI Entertainment LLC, which in turn is also wholly owned by Universal Studios Company LLC. Universal Studios Company LLC is wholly owned by NBCU Acquisition Sub LLC. NBCU Acquisition Sub LLC is wholly owned by NBCUniversal Media, LLC.

---

[1] The Parties reserve the right to supplement this list as discovery begins and the case progresses.

**E. Damages**

Plaintiffs' Statement: The realistic realm of damages is $2,500 per plaintiff and putative class member.

Defendants' Statement: Defendants state that Plaintiffs' claims in this case lack any merit and do not entitle Plaintiffs to any relief whatsoever.

**F. Insurance**

Plaintiffs' Statement: Unknown

Defendants' Statement: None.

**G. Motions**

Plaintiffs' Statement: Plaintiffs do not anticipate filing a motion to amend the pleadings or a motion to add parties or claims but reserve the right to do so if necessary.

Defendants' Statement: Defendants' have filed a motion to dismiss Plaintiffs' VPPA claims as a matter of law. If the Court sets a case schedule, Defendants will move to stay discovery pending resolution of their case dispositive motion to dismiss. Defendants anticipate filing a motion for summary judgment. Defendants do not anticipate other motions at this time.

**H. Dispositive Motions**

Plaintiffs' Statement: Upon denial of Defendant's Motion to dismiss and with third party discovery, Plaintiffs contemplate filing a motion for summary judgment establishing that (a) Defendants are videotape service providers because they engage in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials; (b) Defendants' installation and configuration of the Meta Pixel disclosed Plaintiffs' and putative class members' personally identifiable information to Meta;; (c) Plaintiffs are consumers under the VPPA, 18 U.S.C. § 2710; (d) Defendants' disclosures were knowing; and (e) no exception or defense to liability under the VPPA applies.

Defendants' Statement: if the Court denies Defendants' pending Rule 12(b)(6)

as premature, Defendants anticipate raising the same case-dispositive issues in a motion for summary judgment relating to Plaintiffs' inability to prove (1) any disclosure of PII as defined by 18 U.S.C. § 2710(a)(3); (2) they were statutory consumers at the time of any disclosures; and (3) that any disclosure caused by Defendant were made knowingly. Defendant also anticipates moving for summary judgment on the undisputed fact that—contrary to the pleadings—any disclosures at issue here were made by *Plaintiffs'* own browsers on account of their express agreements with Facebook (i.e., relating to their contractual agreements, as Facebook users, to allow for the disclosures of their interactions with websites such as GRUV).

### I. Manual for Complex Litigation

The Parties do not anticipate a need for the using the manual for complex litigation at this time.

### J. Status of Discovery

The Parties have agreed to exchange their initial disclosures by April 4, 2025. No other discovery has been conducted to date.

### K. Discovery Plan

Plaintiffs' Statement: No changes to initial disclosures should be made.

Plaintiffs do not believe discovery should be stayed pending resolution of the Motion to Dismiss. Plaintiffs believe 10 months of discovery will reasonably be necessary to complete class certification and merits-related discovery, assuming discovery is not bifurcated. Plaintiffs request a 10-month duration for discovery in large part due to the nature of the third-party discovery required in this case, particularly from Meta. Meta is notoriously unwilling to voluntarily comply with subpoenas, especially in cases of this nature, motions to enforce subpoenas may be necessary in the event an agreement with Meta cannot be reached as to the materials it will agree to produce in response to such a subpoena.

Therefore, discovery should not be bifurcated. Plaintiffs will seek discovery on

all legal issues identified above including: (a) Whether Defendants used the Meta Pixel on their website at the time Plaintiffs allegedly requested or obtained prerecorded videos or services from Defendants' website; (b) Whether Defendants knowingly disclosed Plaintiffs' and putative Class members' personally identifiable information to Meta via the Meta Pixel on its website; (c) Whether Plaintiffs are consumers under the VPPA, 18 U.S.C. § 2710; (d) Whether an "add to cart" function constitutes a "request" under the VPPA; (e) Whether Defendants should be enjoined from disclosing Plaintiffs' and putative Class members' personally identifiable information to Meta; (g) Whether injunction should be issued against Defendants to stop their practices challenged by the Plaintiffs, and (h) Whether Plaintiffs and putative Class members are entitled to statutory damages for the aforementioned alleged violations. Discovery pertaining to the named Plaintiffs will largely overlap with discovery concerning issues of class certification. Indeed, the same sort of information pertaining to Plaintiffs and all Class members was transmitted to third parties, by way of the Meta pixel technology on Defendants' website. Thus, both Plaintiffs' and Class members' claims will largely turn on common proof. Additionally, given the difficulty associated with obtaining relevant materials from Meta and the potential need to depose Meta, Plaintiffs believe it will be efficient, cost-effective, minimally burdensome, and the interests of both parties and non-parties will be best served by proceeding with discovery in a non-bifurcated manner in this case, which will avoid the need to serve multiple subpoenas (and potentially take multiple depositions) of Meta and any other relevant third parties.

<u>Defendants' Statement</u>: Defendants do not believe any changes to the parties' initial disclosures are necessary. Should discovery proceed, Defendants will seek discovery relating to (i) Plaintiffs' basis for the allegations made in the complaint; (ii) Plaintiff's use of the GRUV website, including their specific browser and other settings that resulted in the disclosures of information they allege; (iii) what harm, if any,

Plaintiffs suffered as a result of any alleged misconduct; and (iv) Plaintiffs' adequacy as a class representative. Defendants do not believe discovery should be conducted in phases but do believe that fact discovery should only proceed following a decision on Defendants' pending motion to dismiss.

### L. Discovery Cutoff

Plaintiffs' Statement: 10 months after the scheduling conference.

Defendants' Statement: Defendants agree that 10 months is an appropriate period for fact discovery, but propose that discovery only commence, as necessary, following resolution of the pending Motion to Dismiss.

### M. Expert Discovery

Plaintiffs' Statement: Plaintiffs contemplate that expert disclosures should be sent 6 months after the scheduling conference. Any rebuttal experts should be disclosed 7 months after the scheduling conference.

Defendants' Statement: Defendants propose that class certification expert discovery be complete 3 months following the fact discovery cut off, and that all expert discovery be complete 7 months following the fact discovery cut off.

### N. Settlement/ADR

No settlement discussions have occurred to date.

Plaintiffs' Statement: Plaintiffs are amenable to an early settlement conference after the exchange of certain discovery that is relevant to the claims of the named Plaintiffs and the class. Plaintiffs' preference is private mediation before a JAMS mediator.

Defendants' Statement: The Parties have not discussed the prospects for settlement. Defendants believe that a ruling on the pending motion to dismiss is necessary in order to position the Parties to engage in settlement efforts. Defendants would prefer private mediation.

**O. Trial Estimate**

Plaintiffs' Statement: Plaintiffs contemplate needing 5 days to present this case at trial. Plaintiffs contemplate calling between 5-10 witnesses. Because this estimate exceeds four days, Plaintiffs submit that the technology involved in this case merits an additional day for trial.

Defendants' Statement: Defendants believe 5 days is a reasonable estimate at this time, but reserve the right to alter that estimate if the matter proceeds to trial.

**P. Trial Counsel**

Plaintiffs' Statement: Plaintiffs' lead trial counsel are Frank S. Hedin and Julian Hammond. Additional counsel may appear and/or seek pro hac vice admission with this Court.

Defendants' Statement: Defendants' lead trial counsel are Michael C. Bleicher and Sheri B. Pan. Additional counsel may appear and/or seek pro hac vice admission with this Court.

**Q. Independent Expert or Special Master**

Neither is necessary at this time.

**R. Schedule Worksheet**

A completed worksheet is attached hereto as required by the Court's Order.

**S. Other Matters**

The Parties contemplate negotiating and agreeing upon a form of protective order using the Court's standard protective order.

Dated: April 4, 2025

Respectfully submitted,

By: /s/ *Frank S. Hedin*  .

FRANK S. HEDIN (SBN 291289)
**HEDIN LLP**
535 Mission Street, 14th Floor
San Francisco, CA 94105

Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

JULIAN HAMMOND (SBN 268489)
**HAMMONDLAW, P.C.**
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
Telephone: (310) 601-6766
Facsimile: (310) 295-2385
E-Mail: jhammond@hammondlawpc.com

*Counsel for Plaintiffs and Putative Class*

By: /s/ *Sheri Pan*

Sheri Pan (SBN 316136)
sheri@zwillgen.com
**ZWILLGEN LAW LLP**
369 Pine Street, Suite 506,
San Francisco, CA 94104
Telephone: 415) 590-2335

Michael Bleicher (SBN 313892)
michael.bleicher@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585

*Attorneys for Defendants*