Michael Bleicher (SBN 313892)
michael.bleicher@zwillgen.com
ZWILLGEN PLLC
1900 M Street, Suite 250
Washington, DC 20036
Telephone: (202) 706-5251
Facsimile: (202) 706-5298

Sheri Pan (SBN 316136)
sheri@zwillgen.com
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 230-5941

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ARCHER; and TODD COHN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC and UNIVERSAL PICTURES HOME ENTERTAINMENT LLC d/b/a GRUV.COM,<br><br>Defendants. | Case No. 2:24-cv-10744-AB-JC<br><br>**NBCUNIVERSAL MEDIA, LLC and UNIVERSAL PICTURES HOME ENTERTAINMENT LLC d/b/a GRUV.COM'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants NBCUniversal Media, LLC and Universal Pictures Home Entertainment d/b/a Gruv.com (together, "GRUV"), by and through its undersigned counsel, hereby answer each of the numbered paragraphs of the First Amended Complaint ("FAC") filed by Plaintiffs, Michael Archer and Todd Cohn. All headings and subheadings contained herein correspond with the headings and subheadings used in the FAC and are included for organizational purposes only. GRUV answers the allegations in the like-numbered paragraphs of the FAC as follows:

## NATURE OF THE CASE

1. Paragraph 1 contains Plaintiffs' characterization of their own action or belief or legal conclusions to which no response is required. To the extent a response is required, GRUV denies the allegations set forth in Paragraph 1.

2. GRUV admits that it used the Meta Pixel on gruv.com. The remaining allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, GRUV denies the allegations set forth in Paragraph 2.

3. The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, GRUV denies the allegations set forth in Paragraph 3.

4. GRUV admits that an FID can be linked to a specific Facebook profile. The remaining allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, GRUV denies the remaining allegations in Paragraph 4.

5. The allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, GRUV denies the allegations in Paragraph 5.

6. The allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, GRUV denies the allegations in Paragraph 6.

7. Paragraph 7 contains Plaintiffs' characterization of their own action or belief or states legal conclusions to which no response is required.

**PARTIES**

**I. Plaintiff Michael Archer**

8. Paragraph 8 contains Plaintiffs' characterization of their own action or belief or states legal conclusions to which no response is required. To the extent a response is required, GRUV lacks sufficient information to admit or deny the allegations in Paragraph 8 and therefore denies them.

9. Paragraph 9 contains Plaintiffs' characterization of their own action or belief or states legal conclusions to which no response is required. To the extent a response is required, GRUV lacks sufficient information to admit or deny the allegations, including Plaintiff's status as a "user of Meta" in Paragraph 9, and therefore denies them.

10. GRUV admits that Plaintiff Archer made a purchase on gruv.com on November 17, 2023, but denies that it operates the website gruv.com. GRUV lacks sufficient information to admit or deny the remaining factual allegations Paragraph 10 and therefore denies them. To the extent that the allegations in Paragraph 10 state legal conclusions, including that Plaintiff Archer "requested" or "obtained" videos or is a "consumer," no response is required.

11. GRUV lacks sufficient information to admit or deny the allegations in Paragraph 11 and therefore denies these allegations.

**II. Plaintiff Todd Cohn**

12. Paragraph 12 contains Plaintiffs' characterization of their own action or belief or states legal conclusions to which no response is required. To the extent a response is required, GRUV lacks sufficient information to admit or deny the allegations in Paragraph 12, and therefore denies them.

13. Paragraph 13 contains Plaintiffs' characterization of their own action or belief or states legal conclusions to which no response is required. To the extent a

response is required, GRUV lacks sufficient information to admit or deny the allegations in Paragraph 13, and therefore denies them.

14. GRUV admits that Plaintiff Archer made a purchase on gruv.com on January 5 and 9, 2025 but denies that it operates the website gruv.com. GRUV lacks sufficient information to admit or deny the remaining factual allegations Paragraph 14 and therefore denies them. To the extent that the allegations in Paragraph 10 state legal conclusions, including the allegation that Plaintiff Cohn "requested" or "obtained" videos or is a "consumer," no response is required.

15. GRUV lacks sufficient information to admit or deny the allegations in Paragraph 15 and therefore denies them.

**III. Defendants**

16. GRUV admits that NBCUniversal Media, LLC is a Delaware corporation headquartered at 30 Rockefeller Plaza, Manhattan, New York 10112, but denies that it operates the website gruv.com. The remaining allegations in Paragraph 16 contain Plaintiffs' characterization of their own action or belief or state legal conclusions, to which no response is required. To the extent a response is required, GRUV denies the remaining allegations in Paragraph 16.

17. GRUV admits that Universal Pictures Home Entertainment is a Delaware corporation headquartered at 100 Universal City Plaza, Universal City, CA 91608, but denies that it operates the website gruv.com. The remaining allegations in Paragraph 17 contain Plaintiffs' characterization of their own action or belief or state legal conclusions, no response is required. To the extent a response is required, GRUV denies the remaining allegations in Paragraph 17.

18. GRUV admits that it makes media available for purchase in various formats on gruv.com. GRUV denies the remaining allegations in Paragraph 18.

**JURISDICTION AND VENUE**

19. The allegations in Paragraph 19 state legal conclusions to which no response is required.

20. The allegations in Paragraph 20 state legal conclusions to which no response is required.

## VIDEO PRIVACY PROTECTION ACT

21. The allegations in Paragraph 21 state legal conclusions to which no response is required.

22. The allegations in Paragraph 22 state legal conclusions to which no response is required.

23. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

24. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

25. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

26. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

27. GRUV denies the allegations in Paragraph 27.

## BACKGROUND FACTS

### I. Consumers' Personal Information Has Real Market Value

28. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

30. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

31. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

32. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

33. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

34. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

35. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

36. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

37. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

38. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

39. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and therefore denies them.

## II. Consumers Place Monetary Value on Their Privacy and Consider Privacy Practices When Making Purchases

40. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

41. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

42. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

43. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

44. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

## III. Defendants Use the Meta Pixel to Systematically Disclose Their Customers' Private Video Information to Meta

45. GRUV denies the allegations in Paragraph 45.

### A. The Meta Pixel

46. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

48. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

49. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

50. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

51. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

52. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

53. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

54. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

55. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and refers the Court to the document cited therein for a complete and accurate statement of its contents.

59. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them.

61. GRUV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

### B. Defendants Knowingly Use the Meta Pixel to Transmit the Private Video Information of their Customers to Meta

62. GRUV admits that it sells a variety of prerecorded video content, including movies, films, and musicals, in physical and digital form on gruv.com.

63. GRUV admits that gruv.com visitors provide their name, email address, billing address, and payment information to complete a purchase on gruv.com.

64. GRUV admits that it used the Meta Pixel on gruv.com. GRUV denies the remaining allegations in Paragraph 64.

65. GRUV admits that it used the Meta Pixel on gruv.com. GRUV denies the remaining allegations in Paragraph 65.

66. GRUV denies the allegations in Paragraph 66.

67. GRUV denies the allegations in Paragraph 67.

68. GRUV denies the allegations in Paragraph 68.

69. GRUV denies the allegations in Paragraph 69.

70. GRUV denies the allegations in Paragraph 70.

71. GRUV denies the allegations in Paragraph 71.

## CLASS ACTION ALLEGATIONS

72. GRUV admits that Plaintiffs purport to bring this lawsuit as a class action but denies that this suit may or should be maintained as a class action.

73. The allegations in Paragraph 73 state legal contentions and/or conclusions to which no response is required. To the extent a response is required, GRUV denies that this suit may or should be maintained as a class action.

74. The allegations in Paragraph 74 state legal contentions and/or conclusions to which no response is required. To the extent a response is required, GRUV denies that this suit may or should be maintained as a class action.

75. The allegations in Paragraph 75 state legal contentions and/or conclusions to which no response is required. To the extent a response is required, GRUV denies that this suit may or should be maintained as a class action.

76. The allegations in Paragraph 76 state legal contentions and/or conclusions to which no response is required. To the extent a response is required, GRUV denies that this suit may or should be maintained as a class action.

77. The allegations in Paragraph 77 state legal contentions and/or conclusions to which no response is required. To the extent a response is required, GRUV denies that this suit may or should be maintained as a class action.

## CAUSE OF ACTION

### Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710

78. The allegations in Paragraph 78 contain an incorporation statement, to which no response is required. To the extent a response is required, GRUV incorporates its responses contained in Paragraphs 1 through and including 77 above as though fully set forth herein.

79. The allegations in Paragraph 79 state legal conclusions to which no response is required.

80. The allegations in Paragraph 80 state legal conclusions to which no response is required. To the extent that a response is required, GRUV denies the allegations in Paragraph 80.

81. The allegations in Paragraph 81 state legal conclusions to which no response is required. To the extent that a response is required, GRUV denies the allegations in Paragraph 81.

82. The allegations in Paragraph 82 state legal conclusions to which no response is required. To the extent that a response is required, GRUV denies the allegations in Paragraph 82.

83. GRUV admits that Plaintiff Archer made a purchase on gruv.com on November 17, 2023, but denies the remaining allegations in Paragraph 83.

84. GRUV admits that Plaintiff Cohn made purchases on January 5 and 9, 2025 on gruv.com, but lacks sufficient information to admit or deny the remaining allegations in Paragraph 84 and therefore denies them.

85. GRUV denies the allegations in Paragraph 85. GRUV lacks sufficient information to admit or deny what is allegedly depicted in the screenshot and therefore denies them.

86. GRUV denies the allegations in Paragraph 86.

87. GRUV denies the allegations in Paragraph 87.

88. GRUV denies the allegations in Paragraph 88.

89. GRUV denies the allegations in Paragraph 89.

90. GRUV denies the allegations in Paragraph 90.

## PRAYER FOR RELIEF

GRUV denies that this suit may be maintained as a class action, denies that it violated the VPPA, denies that Plaintiffs are entitled to any of the relief requested in the FAC, and specifically denies each of the requests for relief set forth in their prayer for relief. GRUV requests that the Court dismiss Plaintiffs' claims, enter judgment in GRUV's favor and against Plaintiffs on their FAC and such other relief as this Court deems just and proper, including:

A. Denial of class certification;

B. Dismissal of Plaintiff's claims with prejudice;

C. Denial of all relief requested by Plaintiffs;

D. Reasonable attorneys' fees and costs; and

E. All other relief to which GRUV might be entitled at law or equity.

**JURY DEMAND**

GRUV admits Plaintiffs have demanded a trial by jury. GRUV reserves all rights in connection with such demand.

GRUV demands a bench trial on its affirmative defenses that Plaintiffs' claims and those of the putative class are barred, in whole or in part, because the award of statutory damages under the VPPA would violate GRUV's substantive and procedural due process rights, and its right to be free of excessive fines under the United States Constitution.

**<u>GRUV'S AFFIRMATIVE DEFENSES</u>**

GRUV asserts the following affirmative defenses and reserves the right to amend its answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery or preparation for trial it becomes appropriate to assert such affirmative defenses. In asserting these defenses, GRUV does not assume the burden of proof for any issue that would otherwise rest on Plaintiffs.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

The FAC fails to state a claim upon which relief can be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

Plaintiffs and the putative class have no standing to bring this claim under Article III of the United States Constitution.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

Awarding Plaintiffs and/or others alleged to be members of the putative class the relief sought in the FAC would violate GRUV's rights to due process of law under the United States Constitution.

**FOURTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the applicable statute of limitations or statutes of repose.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and/or others alleged to be members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs and/or others alleged to be members of the putative class have not incurred any actual injury or damage as a result of any actions allegedly taken by GRUV.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or the claims of others alleged to be members of the putative class are barred, in whole or in part, because the damages sought by Plaintiffs and others alleged to be members of the putative class members are speculative, remote, and impossible to ascertain.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because the damages alleged to have been suffered are not compensable under the law.

**NINTH AFFIRMATIVE DEFENSE**

The purported classes cannot be certified under Federal Rule of Civil Procedure 23 because the purported classes, class representatives, and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

**TENTH AFFIRMATIVE DEFENSE**

By virtue of their own careless, negligent, or wrongful conduct, Plaintiffs and others alleged to be members of the putative class should be barred from recovering against GRUV by the equitable doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs and the putative class failed to mitigate their damages, if any, and recovery should be reduced or denied accordingly.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiffs or others alleged to be members of the putative class have sustained any damages as alleged in the FAC, which GRUV denies, such damages were proximately caused by subsequent and intervening or superseding acts of the Plaintiffs and/or third parties, such that GRUV is not responsible or liable for any damages allegedly suffered.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because at all relevant times, GRUV actions were reasonable and within the ordinary course of business.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of the putative class are limited or barred, in whole or in part, by applicable provisions in the GRUV's Privacy Policy and/or Terms & Conditions to which Plaintiffs and/or the putative class consented.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because Plaintiffs and/or persons allegedly represented by Plaintiffs consented to the acts complained of herein, and/or are estopped from asserting said claims as a result of their conduct. Plaintiffs consented to the acts complained of herein by agreeing to GRUV's Privacy Policy and/or Terms & Conditions and to Facebook's Terms of Service, Privacy Policy, Cookies Policy, and other applicable terms.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because Plaintiffs assumed the risk of the acts complained of herein by creating Facebook accounts, remaining logged into Facebook, and/or consenting to Facebook's Terms of Service, Privacy Policy, Cookies Policy, and other applicable terms.

Respectfully submitted,

Dated: August 11, 2025

**ZWILLGEN PLLC**

By: /s/ Michael Bleicher

Michael Bleicher (SBN 313892)
michael.bleicher@zwillgen.com
Jeff Landis (pro hac vice forthcoming)
jeff@zwillgen.com
Ben Thomassen (pro hac vice forthcoming)
ben.thomassen@zwillgen.com

Attorneys for Defendants